IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                              )<br>          Plaintiff,          )<br>                              )<br>vs.                           )<br>                              )<br>MARCUS D. GLASS,              )<br>                              )<br>          Defendant.          ) | Case No. 98-CR-30005-MJR |

ORDER REGARDING MOTION FOR RETROACTIVE APPLICATION
OF SENTENCING GUIDELINES REGARDING CRACK COCAINE

REAGAN, District Judge:

Judge Paul E. Riley of this District sentenced Marcus Glass in September 1998 and reduced that sentence one year later. An amended judgment was entered on October 25, 1999, and Glass has been serving that 168-month sentence.

On November 1, 2007, the United States Sentencing Commission amended the Sentencing Guidelines to reduce sentences for certain crack cocaine offenses. In so doing, the Commission intended to begin remedying problems generated by the disparity in sentences involving crack cocaine and powder cocaine. The United States Supreme Court explained these changes in ***Kimbrough v. United States*, – U.S. -, 128 S. Ct. 558, 569 (Dec. 10, 2007):**

> The Commission has several times sought to achieve a reduction in the crack/powder ratio.... The Commission's most recent report ... adopted an ameliorating change in the Guidelines.... [which] reduces the base offense level associated with each quantity of crack by two levels.

-1-

On December 11, 2007, the Sentencing Commission voted to *retroactively* apply the amendments to § 1B1.10 of the Guidelines. However, that retroactive application does not take effect <u>until March 3, 2008</u>.

These Guideline amendments have resulted in the filing of scores of motions to reduce sentence under 18 U.S.C. § 3582, the statute which controls when a federal district court can reduce a previously-imposed sentence to shorten a term of imprisonment. On February 15, 2008, Defendant Glass filed a *pro se* motion under § 3582 (Doc. 39), seeking application of the new amendments to his sentence in this case.

**THIS ORDER ADVISES DEFENDANT** how his motion will be handled. On December 19, 2007, Chief Judge Herndon of this United States District Court issued Administrative Order 102 which addresses these Guideline amendments. Administrative Order 102 explains that this Court cannot act on any petitions to reduce sentence until <u>after</u> March 3, 2008.

Administrative Order 102 further provides:

(a) any motions to reduce sentence filed *before* March 3, 2008 shall be stayed until March 3, 2008;

(b) the Federal Public Defender's Office of the Southern District of Illinois "is hereby designated to represent each defendant" who files a motion to reduce sentence; and

(c) the U.S. Attorney's Office need not file any response to a motion to reduce sentence until March 10, 2008. *Id.*

Administrative Order 102 is hereby **ADOPTED and APPLIED** to the case at bar.

Pursuant to Administrative Order 102, the undersigned Judge **NOTIFIES** Defendant that his motion has been docketed in this Court, that his motion is stayed (no action will be taken on it) until March 3, 2008, and that the Federal Public Defender's Office will be advised of this filing.

The Clerk's Office **SHALL PROVIDE** a copy of this Order to the Federal Public Defender's Office and the United States Attorney's Office for this District. Confirmation of those transmissions shall be reflected on the docket sheet.

Although Administrative Order 102 appointed the Public Defender's Office to represent Defendant in any proceedings relating to the motion to reduce sentence, that appointment does not prevent Defendant from retaining private counsel, including any lawyer who may have represented Defendant in earlier proceedings in this District Court or the Court of Appeals.

Defendant should **FILE NO ADDITIONAL PLEADINGS OR BRIEFS** in this case until further Order of this Court, since his motion (and all briefing on it) is stayed until March 3, 2008. This Order in no way constitutes an indication that Glass' motion has merit, was timely-filed, or falls within the scope of the recent Guideline amendments.

IT IS SO ORDERED.

DATED this 22nd day of February 2008.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge